IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 20-CV-3895 |
| THE COMMONWEALTH OF PENNSYLVANIA,<br>    Defendant. | : <br> : <br> : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                              **AUGUST 14 , 2020**

Plaintiff Amro Elansari filed this *pro se* civil action against the Commonwealth of Pennsylvania pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. The Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous for the following reasons.

## I.    FACTUAL ALLEGATIONS

In 2015, Elansari was arrested for and convicted of various marijuana-related offenses in Pennsylvania. *See Commonwealth v. Elansari*, CP-14-CR-0000408-2015 (C.P. Centre Cty.). He appears to have unsuccessfully defended those criminal charges based on an argument that marijuana has medicinal use. (Compl. ECF No. 2 at 1.)[1] The basis for Elansari's instant Complaint is that the Commonwealth's subsequent adoption of a medical marijuana program violates his due process and equal protection rights. He also takes issue with the fact that the program does not permit citizens to grow their own marijuana and alleges that the prices for

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

1

medical marijuana are too high. Elansari seeks a declaration that his rights have been violated and unspecified damages and injunctive relief.

## II.     STANDARD OF REVIEW

The Court will grant Elansari leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Elansari's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i), which requires the Court to dismiss the Complaint if it frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Elansari is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Eleventh Amendment bars suits against a state in federal court when the state has not waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Commonwealth of Pennsylvania has not waived that immunity here. *See* 42 Pa. Cons. Stat. § 8521(b). Additionally, the Commonwealth is not considered a "person" for purposes of § 1983. *See Will*, 491 U.S. at 69. For these reasons, the Court will dismiss Elansari's lawsuit as frivolous.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous with prejudice because amendment would be futile. An appropriate Order follows.

                                    **BY THE COURT:**

                                    ___<u>S/ Joel H. Slomsky</u>___
                                    **JOEL H. SLOMSKY, J.**